501 N.W.2d 716 (1993)
243 Neb. 667
STATE of Nebraska ex rel. NEBRASKA STATE BAR ASSOCIATION, Relator,
v.
J. Mark BARNETT, Respondent.
No. S-92-459.
Supreme Court of Nebraska.
June 25, 1993.
HASTINGS, C.J., and BOSLAUGH, CAPORALE, SHANAHAN, FAHRNBRUCH, and LANPHIER, JJ.
PER CURIAM.
Formal charges were filed against the respondent, J. Mark Barnett, by the Committee on Inquiry of the Third Disciplinary District of the Nebraska State Bar Association (Association). The charges alleged one count of neglect of a legal matter and one count of failure to respond to a disciplinary complaint of the Counsel for Discipline of the Association. The amended formal charges were subsequently filed by the Counsel for Discipline in this court alleging that respondent again failed and neglected to attend to a legal matter entrusted to his care and again failed to respond to the Counsel for Discipline's complaint.
Respondent answered, admitting the allegations of the formal charges and the amended formal charges and admitting violations of Canon 1, DR 1-102(A)(1) and (6); Canon 6, DR 6-101(A)(3); Canon 7, DR 7-101(A)(2); and Canon 9, DR 9-102(B)(4), of the Code of Professional Responsibility. Respondent also alleged in mitigation of the charges that he was suffering from emotional and mental problems. Commencing in March 1991, he experienced abnormal depression, together with the excessive use of alcohol, and subsequently, he admitted himself into a residential alcohol abuse treatment facility. Respondent then alleged that he was now adequately managing the alcoholism and mental depression and was capable of engaging in the practice of law.
This court appointed a referee who, after hearing and receiving evidence, including the submission of a psychiatric report, recommended that respondent be placed on probation for 18 months. It was further recommended that (1) the respondent shall not consume alcohol during the period of his probation, (2) the respondent shall continue as an active participant in Alcoholics Anonymous, (3) the respondent shall continue with medication and therapy as prescribed by his physician, (4) the respondent shall meet with a partner of his law firm at least once per month for the purpose of reviewing the status of each of the respondent's pending cases, and (5) the respondent shall file a written report with the Counsel for Discipline on the first of each month specifically indicating whether he has complied with the conditions of probation.
The court, having been furnished with the opinion of a psychiatrist that the respondent is capable and fit to return to the practice of law and with the agreement of the respondent's law firm, Jewell, Gatz, Collins, Fitzgerald & DeLay, to comply with the terms of the order of probation, accepts the report of the referee and the recommendation, and the respondent is placed on probation on the terms and conditions as specified above. The respondent is to repay to the Association the costs expended in this proceeding.
JUDGMENT OF PROBATION.
WHITE, J., not participating.